```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------- X

DARREN STATON,

                Petitioner,
                                        ORDER
    -against-                           18-CV-2395 (KAM)

MICHAEL CAPRA,

                Respondent.

---------------------------------- X
```

**MATSUMOTO, United States District Judge:**

Presently before the Court is Petitioner Darren Staton's motion under Federal Rule of Civil Procedure 60(b)(6) to vacate the Court's denial of his Petition for Writ of Habeas Corpus. (*See* ECF No. 35, Motion to Vacate, ("Mot.").) Petitioner asserts that this Court should reopen his habeas petition and conduct a de novo review of his federal due process claim because the state court failed to adjudicate it "on the merits." (Mot. at 19–23.) As Petitioner challenges the underlying conviction, rather than the integrity of the habeas proceeding, his motion is **denied** as beyond the scope of Rule 60(b).

In *Harris v. United States*, the Second Circuit held that "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." 367 F.3d 74, 77 (2d Cir. 2004) (citing

*Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001)). "A Rule 60(b) motion attacks the integrity of a habeas proceeding if it does not 'assert, or reassert, claims of error in the movant's state conviction.'" *Hamilton v. Lee*, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). "A motion challenges 'the integrity of the federal habeas proceedings'—and is thus properly brought under Rule 60(b)—when, for example, it asserts that 'a court erroneously avoided deciding the merits of a claim for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Lin v. Lamanna*, No. 18-cv-5005(AMD), 2022 WL 3647566, at *2 (E.D.N.Y. Aug. 24, 2022) (quoting *Robles v. Lempke*, No. 09-cv-2636(AMD), 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018)).

In the instant motion, Petitioner argues that his federal due process claim, based on allegedly suggestive pretrial identification procedures, was "inadvertently overlooked in state court" because the state court decisions neither cited nor applied federal law. (*See* Mot. at 11, 17, 19.)  Though Petitioner had alleged in his habeas petition that the photo array that "formed the basis for [his] arrest was unduly suggestive," (ECF No. 1, Petition, at 10), he asserts, for the first time, that the state court overlooked his due process claim entirely.  (Mot. at 11.) Petitioner requests that this Court reopen his habeas petition and review the due process claim de novo.  The substance of

2

Petitioner's arguments thus relates to an alleged error affecting his underlying criminal conviction, rather than the integrity of the previous habeas proceeding.[1]  Simply put, Petitioner's motion does nothing more than collaterally attacking his underlying conviction.

Where a purported Rule 60(b) motion is actually "attack[ing] the underlying conviction," the district court has two options: it may treat the motion as either (1) "'a second or successive' habeas petition" and transfer it to the Court of Appeals for possible certification, or (2) "deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2004)).  Because Petitioner's motion, though characterized as a motion to vacate this Court's final judgment under Rule 60(b), attacks his underlying state conviction, Petitioner's motion is denied as beyond the scope of a Rule 60(b) motion.

---

[1] To the extent that Petitioner contends that the Court "erroneously avoided deciding the merits of" his due process claim, *Lin*, 2022 WL 3647566, at *2, by holding that the claim was procedurally barred based on adequate and independent state law grounds, the Court denied the claim in the alternative on the merits, (*see* ECF No. 31, Memorandum and Order Denying Habeas Petition, at 28–29), and Petitioner thus "was not precluded from a merits determination of his claim[.]" *Yuzary v. United States*, No. 04-cv-2809(RPP), 2007 WL 4276864, at *4 (S.D.N.Y. Nov. 30, 2007).  Accordingly, Petitioner's motion should not be treated as one challenging the integrity of his habeas proceeding.

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve a copy of this Order on Petitioner and note service on the docket.

**SO ORDERED.**

DATED:   September 13, 2022
         Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge